UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TINA CAMP,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 04-234(CKK)

**MEMORANDUM OPINION**
(March 14, 2006)

Currently before the Court is Defendant's Motion to Reconsider the Court's Order Granting Plaintiff's Motion to Alter/Amend the Complaint, Plaintiff's Opposition, and Defendant's Reply. Upon a searching examination of these filings, the attached exhibits, the relevant case law, and the entire record herein, the Court shall grant Defendant's Motion to Reconsider the Court's Order Granting Plaintiff's Motion to Alter/Amend the Complaint and shall deny Plaintiff's Motion for Leave to File Amended Complaint.

**I: BACKGROUND**

Plaintiff, a former employee of the District of Columbia Fire and Emergency Service ("FEMS") brought this action on February 13, 2004, alleging gender-based discrimination, *see* Compl. ¶¶ 28-31; hostile work environment, *id.* ¶¶ 34-35; quid pro quo sexual harassment, *id.* ¶¶ 36-37; municipal liability pursuant to Defendant's alleged custom, practice, policy and procedure of tacitly allowing and actively promoting sexual harassment, *id.* ¶¶ 38-39; municipal liability pursuant to Defendant's negligent selection and retention of incompetent employees, *id.* ¶¶ 41-42; disparate treatment, *id.* ¶ 44; and retaliation, *id.* ¶ 46. Plaintiff contends "that since 1992, Defendant's pattern, practice, policies, and custom of performing discriminatory acts against female

employees, including Plaintiff, have been continuous and constitute an unbroken chain of intentional and malicious course of unlawful employment discrimination." *Id*. ¶ 45.  Approximately one month after filing her Complaint in this action, Plaintiff's employment with FEMS was terminated on March 5, 2004.  *See* Def.'s Mot. to Reconsider at 2.  The Court held an Initial Scheduling Conference in this action on April 27, 2004, in which the Court set certain scheduling dates after discussion with the parties to ensure timely resolution of this suit.  *See id.*, Ex. 4 (4/27/04 Initial Sched. Conf. Tr.).  At the April 27, 2004 Initial Scheduling Conference, counsel for Plaintiff – who was aware of Plaintiff's March 5, 2004 termination – indicated to the Court that she would seek to amend the Complaint to add a claim relating to Plaintiff's termination if the claim was not resolved at the administrative level.  *See* Def.'s Mot. to Reconsider, Ex. 4 (4/27/04 Initial Sched. Conf. Tr.) at 4:3-7 ("After the complaint was filed the defendant terminated plaintiff.  I am now going through an administrative process.  If the matter is not resolved at the administrative level, I will seek to include another claim in this complaint, amend the complaint.").  Plaintiff's counsel informed the Court that she expected resolution on this matter "within 30 days, hopefully." *Id*. at 4:16.  Based on these representations, the Court ordered that amended pleadings in this case were to be filed by June 4, 2004, and discovery was to conclude on October 15, 2004.  *See Camp v. Dist. of Columbia*, Civ. No. 04-234, at 5 (D.D.C. Apr. 27, 2004) (Scheduling Order); *see also* Def.'s Mot. to Reconsider, Ex. 4 (4/27/04 Initial Sched. Conf. Tr.) at 5:7-8 (The Court: "Suppose I said June 4 just to pick sort of a date?"  Plaintiff's counsel: "That's fine.").

However, Plaintiff apparently chose not to follow through with her plan to amend the Complaint by adding a termination claim, letting the June 4, 2004 deadline pass without filing for leave to amend or requesting an extension with the Court.  Following the conclusion of discovery in this matter on October 25, 2004, and the extension of discovery to December 17, 2004, *see Camp v.*

*Dist. of Columbia*, Civ. No. 04-234 (D.D.C. Nov. 23, 2004) (Minute Order extending discovery for

more depositions), Defendant filed a Motion for Summary Judgment on all claims on February 4,

2005.  *See* Def.'s Mot. for Summ. J.  Perhaps realizing her error in failing to amend the Complaint

when faced with a potentially dispositive motion, Plaintiff brought a Motion for Leave to File

Amended Complaint on February 18, 2005, requesting leave such that she could add a retaliatory

termination claim to her previous gender discrimination/sexual harassment claims brought pursuant

to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the District

of Columbia Human Rights Act, D.C. Code §§ 2-2501 *et seq.*  *See* Pl.'s Mot. for Leave to Amend

Compl; *see also* First Am. Compl. ¶ 46 (adding retaliatory termination claim).[1]  Following briefing

on this issue after Defendant objected to Plaintiff's late filing, the Court held a conference call on the

record with counsel for each party on Wednesday, July 20, 2005.  In addition to resolving other

matters,

> [t]he Court then turned to Plaintiff's Motion to Amend the Complaint, and discussed
> the fact that the Amended Complaint encompasses Plaintiff's June 4, 2004 [sic –
> should be "March 5, 2004"][2] termination, and includes claims relating to that
> termination, for the first time.  While discovery has already closed in this suit,
> Plaintiff's counsel indicated that the parties had already conducted discovery on the
> issue; counsel for Defendant, new to this case, was unable to confirm Plaintiff's
> representation.  Given that it appears that discovery has already been adduced on this
> topic, the Court informed the parties that it would GRANT Plaintiff's Motion to
> Amend/Correct Complaint, but STAY such a grant until August 3, 2005.  Counsel
> for Defendant was then ORDERED to file a notice with the Court by August 3,
> 2005, if she discovered that discovery had actually not occurred regarding Plaintiff's

---

[1] Plaintiff's Amended Complaint does not seek to add the fact of her termination to her
hostile work environment claim.  *See* First Am. Compl. ¶¶ 34 (incorporating paragraphs 1-33,
which do not mention Plaintiff's March 4, 2004 termination), 35.

[2] Plaintiff's Amended Complaint makes reference to the termination occurring in June 2004,
*see* First Am. Compl. ¶ 46.  This appears to be a typographical error given Plaintiff's representations
at the April 27, 2004 Initial Scheduling Conference and Defendant's asserted facts; this
typographical error caused the Court's error in its July 20, 2005 Minute Order.

termination; however, if Defendant filed nothing with the Court by August 3, 2005, the Court noted that it would assume that such discovery had occurred, and would then lift its stay – allowing for the complete approval of Plaintiff's Amended Complaint.

*See Camp v. Dist. of Columbia*, Civ. No. 04-234(CKK) (D.D.C. July 20, 2005) (Minute Order re: 7/20/05 Conference Call).

Counsel for each party conferred the following week, with counsel for Plaintiff indicating to Defendant's counsel that discovery on the termination claim could be found in the following sources: (1) Plaintiff's deposition at pages 131-137; (2) Plaintiff's Responses to Interrogatories; (3) Plaintiff's request for damages; (4) Defendant's supplemental answers to Plaintiff's Interrogatories, served on August 5, 2004; (5) the authorization form permitting the District to request information regarding Plaintiff's termination; and (6) the transcript from the April 27, 2004 Initial Scheduling Conference.  *See* Def.'s Mot. to Recons. at 2.  Upon a review of these materials and the documents in the possession of the District of Columbia, counsel for Defendant determined that "Defendant has not had the opportunity to conduct sufficient discovery."  *See id.* at 1.  Moreover, Defendant argued for the first time that "the addition of this claim would be futile as Plaintiff has not exhausted her administrative remedies and this claim is therefore barred."  *Id.* at 1-2.  As such, on August 3, 2005, Defendant filed a "Motion to Reconsider the Court's Order Granting Plaintiff's Motion to Alter/Amend the Complaint," seeking to prevent the entry of Plaintiff's Amended Complaint adding the allegations of retaliatory termination.

In response, Plaintiff claims that she aggressively pursued the issue of her termination through the administration process, as she was in negotiations for several months with the Agency to settle the proposed termination complaint.  *See* Pl.'s Opp'n at 3.  When the settlement process failed, an administrative hearing was held on October 13, 2003, in which it was found that Plaintiff should

not be terminated.  *Id*.  However, despite this finding, Plaintiff's employment with the Agency was

terminated on March 5, 2004 – a decision which Plaintiff sought to administratively appeal.  *Id*.  In

December 2004, when the matter had not yet been resolved, Plaintiff withdrew her termination

claim (OEA No. 1601-0051-04) from the Office of Hearings and Appeals to join her claim in this

Court.  *Id*., Ex. 3 (Pl.'s Mot. to Dismiss Admin. Appeal) (requesting that "she be allowed to exhaust

her court remedies as related to the basis for the discrimination" so that she can pursue her mixed

case in federal court); *id*., Ex. 4 (12/9/04 Admin. Desc.) (granting Plaintiff's motion to dismiss with

prejudice).  Two months later, on February 18, 2005, Plaintiff filed her Motion to Amend the

Complaint, which is at the center of the current dispute.

While this administrative process was running, Plaintiff contends that Defendant was clearly

aware that a claim revolving around her termination would become part of this case.  For instance,

Plaintiff's counsel indicated to the Court that she would seek to amend the Complaint to add a

termination claim during the April 27, 2004 Initial Scheduling Conference in this matter.  *See*

Def.'s Mot. to Recons., Ex. 4 (Apr. 27, 2004 Tr.) at 4:3-7.  Plaintiff also notes that Defendant

requested that she sign an authorization to obtain information regarding her termination, which

Plaintiff provided to Defendant on August 4, 2004.  *See* Pl.'s Opp'n, Ex. 5 (Authorization of Tina

Camp) ("my attorney . . . and the District of Columbia are to be provided with copies of all records,

simultaneously, pertaining to my past of present employment, including, but not limited to . . .

reasons for termination of employment").  Moreover, Plaintiff notes that the District of Columbia's

Responses to Plaintiff's First Request for Production of Documents, dated August 5, 2004, "denotes

that it was [] on notice of the termination issue and that it found Plaintiff's allegations in her initial

complaint sufficient enough to produce to Plaintiff" a transcript of her proposed termination hearing

held on October 10, 2003, In the Matter of Fire Communications, Case No. C-03-59."  *Id*. at 2

(citing *id.*, Ex. 1 (Def.'s Resp. to Pl.'s First Req. for Prod. of Docs.)).  Specifically, in response to

Plaintiff's Request #12 –  "Please produce copies of all documents, recordings, transcripts of any

statement related to the allegations in Plaintiff's case against Defendant." – Defendant responded:

> **RESPONSE:  Objection as overly broad, and the speculative nature of the
> Question.  Further objection to the extent it seeks legal conclusions.
> Notwithstanding the objections without waiver thereto, see Exhibit Number 8,
> In the Matter of Fire Communications Operator Tina Camp, Case No.: C-03-
> 59, Prerecorded Tape Transcription.**

*See id.*, Ex. 1 (Def.'s Resp. to Pl.'s First Req. for Prod. of Docs.) at 4, ¶ 12 (emphasis in original).

Finally, Plaintiff contends that (1) the issue of retaliation is rooted in her claims of discrimination,

wherein she has contended "all along that her claims of discrimination are continuing," *id.* at 3; (2)

"[t]here is no requirement that this issue be exhausted administratively when Plaintiff's allegation of

retaliation did not catch the Defendant by surprise," *id.*; and (3) various courts have held that

plaintiffs need not exhaust their administrative remedies before suing in federal court when asserting

a Title VII claim of retaliation for filing a previous EEOC charge, *id.* at 4.

In its Reply, Defendant contends that "it is not the knowledge of the termination that is at

issue, it is the knowledge that the termination claim would be brought into this litigation."  Def.'s

Reply at 1.  Defendant further notes that: (1) Plaintiff's amendment was clearly untimely, as the

Court's Scheduling Order in this case set an end-date of June 4, 2004 for amended pleadings in this

case, *see Camp v. Dist. of Columbia*, Civ. No. 04-234, at 5 (D.D.C. Apr. 27, 2004) (Scheduling

Order); and (2) Plaintiff's claim for termination was never included in her EEOC charge, and

Plaintiff "cannot bring a lawsuit based on events not alleged in the EEOC complaint of

discrimination," Def.'s Reply at 2.  Defendant concludes by suggesting that "Plaintiff should not be

permitted to amend her Complaint more than eight months after the Court's deadline for amended

pleadings, after the close of discovery in this case, and after the District's dispositive motion has

been filed, due to the prejudice to the District and the futility of Plaintiff's amendment." *Id.* at 3.[3]

## II: LEGAL STANDARDS

While Defendant identifies its pending filing as a "Motion to Reconsider the Court's Order Granting Plaintiff's Motion to Alter/Amend the Complaint," a discussion of the rather narrow parameters governing motions for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure is not in order. Instead, the very terms of the Court's July 20, 2005 Order permitted Defendant to challenge Plaintiff's representations once they had Plaintiff's cited evidence in hand, and the Court explicitly gave Defendant until August 3, 2005 to make such a filing. *See Camp v. Dist. of Columbia*, Civ. No. 04-234(CKK) (D.D.C. July 20, 2005) (Minute Order re: 7/20/05 Conference Call). Defendant filed its motion on August 3, 2005, within the time set out by the Court. As such, Defendant's motion should be treated like any other filing, rather than a motion for reconsideration, as no ruling by the Court had taken effect against its interests.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party. *Id.*; *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994). Once a responsive pleading is served, however, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

---

[3] The Court's July 20, 2005 Order denied without prejudice Defendant's Motion for Summary Judgment, given the fact that additional documents filed by Plaintiff (granted into evidence by the Court), coupled with the termination issue, would alter the scope of Defendant's dispositive motion. The Court gave Defendant the opportunity to re-file and set a dispositive motion schedule; however, the issue of Plaintiff's Amended Complaint has essentially stayed the case. *See Camp v. Dist. of Columbia*, Civ. No. 04-234(CKK) (D.D.C. July 20, 2005) (Minute Order re: 7/20/05 Conference Call).

The grant or denial of leave to amend is committed to the sound discretion of the district court. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

As such, "[a]lthough the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371 U.S. at 182, 83 S.Ct. 227); *see also Caribbean Broad. Sys.*, 148 F.3d at 1084 (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) for the proposition that a district court's discretion to grant leave to amend is "severely restricted" by Rule 15's command that such leave "be freely given"). Moreover, "'Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend . . . . In most cases[,] delay alone is not a sufficient reason for denying leave . . . . If no prejudice [to the non-moving party] is found, the amendment will be allowed.'" *Caribbean Broad. Sys.*, 148 F.3d at 1084 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 1488, at 652, 659, 662-69 (1990 & Supp. 1997)). However, the Court may deny as futile a motion to amend a complaint when the proposed complaint would not survive a motion to dismiss. *James Madison*, *Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *see also* 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000)

("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

### III: DISCUSSION

Defendant makes two central arguments in support of its contention that Plaintiff's termination claim should not be allowed into this suit. First, Defendant contends that "[t]he addition of the termination claim should not be permitted as the claim is futile." Def.'s Mot. to Recons. at 6. Second, Defendant asserts that "Plaintiff's delay in seeking leave to amend [the] Complaint is undue." *Id.* at 8. Upon an examination of the relevant case law, the Court concludes that Plaintiff's Motion for Leave to Amend the Complaint would be futile; accordingly, the Court shall grant Defendant's motion and shall deny Plaintiff the opportunity to amend her Complaint in order to add her retaliatory termination claim.

Importantly, Defendant filed its first responsive pleading to Plaintiff's Complaint on March 25, 2004. *See* Def.'s First Answer to Compl. Given that Plaintiff did not request leave to amend her Complaint to include allegations and counts relating to her March 5, 2004 termination until February 18, 2005, nearly three (3) months after the discovery period ended on October 15, 2004 and approximately eight (8) months after the June 4, 2004 cut-off to enter amended pleadings, Plaintiff's amendment to her Complaint is certainly no longer automatic pursuant to Federal Rule of Civil Procedure 15; indeed, because Defendant does not consent to the amendment, Plaintiff's Motion to Amend depends upon leave granted by the Court. *See* Fed. R. Civ. P. 15(a). However, when an amendment would be futile, the Court is well within its discretion to deny a plaintiff leave to amend a complaint. *See Willoughby v. Potomac Elec. Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (finding that district court was well within its discretion to deny leave to amend due to futility

where (1) plaintiff could not make out a *prima facie* case of discrimination, and (2) plaintiff failed

to bring DCHRA claim within statute of limitations and original complaint gave no notice that he

was claiming such a violation).

"Title VII requires that a person complaining of a violation file an administrative charge

with the EEOC and allow the agency time to act on the charge." *Park v. Howard Univ.*, 71 F.3d

904, 907 (D.C. Cir. 1995). Only after the EEOC has notified the aggrieved person of its decision to

dismiss or its inability to bring a civil action within the requisite time period can that person bring a

civil action herself. *Id.*; *see also Williams v. Wash. Metro. Area Transit Auth.*, 721 F.2d 1412,

1413 n.1 (D.C. Cir. 1983). The administrative charge requirement serves the important purposes of

giving the charged party notice of the claim and "narrow[ing] the issues for prompt adjudication and

decision." *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 n.325 (D.C. Cir. 1976), *cert.*

*denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978) (internal quotations and citations

omitted). "Exhaustion is required in order to give federal agencies an opportunity to handle matters

internally whenever possible to ensure that the federal courts are burdened only when reasonably

necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985).[4]

Here, it is uncontested that Plaintiff never filed an EEOC Charge specifically relating to her

claim of retaliatory termination. *See* Pl.'s Opp'n at 3-4. However, Plaintiff did file an EEOC claim

---

[4] "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional
prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to
waiver, estoppel, and equitable tolling." *Ziper v. Trans. World Airlines, Inc.*, 455 U.S. 385, 393,
102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The Court notes that Plaintiff has not made an argument
that she can escape her failure to file an EEOC Charge relating to her termination through waiver,
estoppel, or equitable tolling, nor do the circumstances of this case suggest that such doctrines,
which are to be applied sparingly, should apply. *See Baldwin County Welcome Ctr. v. Brown*, 46
U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) ("Procedural requirements
established by Congress for gaining access to the federal courts are not to be disregarded by courts
out of a vague sympathy for particular litigants.").

that included an "Amended Complaint of Sexual Harassment." *See* Def.'s Mot. to Recons., Ex. 5 (EEOC Charge). This claim, dated March 31, 2003, requests "redress of injuries [Plaintiff] suffered due to employment discrimination constituting of sex discrimination (sexual harassment) and reprisal." *Id.* at 1, ¶ 1. Although the Charge vaguely refers to "intentional[] discriminat[ion] against Claimant on a continuous and ongoing basis" from 1991 through December 2002, *id.* at 2, ¶ 4, the only specific events detailed in the Charge took place between 2001 and 2002, *id.* The Charge makes no explicit mention of Plaintiff's termination and could not logically have encompassed Plaintiff's retaliatory termination claim, as Plaintiff had not been terminated when the Right to Sue letter was issued. Plaintiff has not been provided the EEOC or Defendant with any additional or amended charge that would encompass Plaintiff's termination. Indeed, such an amendment would now be time-barred. *See* 42 U.S.C. § 2000e-5(e).

However, Plaintiff attempts to circumvent the requirement that she exhaust her administrative remedies relating to her claim of retaliatory termination by claiming that her original discrimination claims filed with the EEO effectively put Defendant on notice as to the facts and circumstances relating to her later claim of retaliatory termination. *See* Pl.'s Opp'n at 3-4. In her argument, Plaintiff cites a variety of cases from other jurisdictions that hold something similar to this idea expressed by the court in *Hunt v. D.C. Dep't of Corr.*, 41 F. Supp. 2d 31 (D.D.C. 1999):

> When a plaintiff has filed an administrative charge of discrimination with the EEOC and/or a suit on that claim and subsequently alleges that her employer has retaliated against her for filing *that* claim, courts frequently have not required the Plaintiff to file a new administrative action with the EEOC in order to exhaust her administrative remedies on the retaliation claim. *See Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992); *Hayes v. Shalala*, 902 F. Supp. 259, 266 (D.D.C. 1995). The rationale for excusing administrative exhaustion in such a case is that the retaliation is "like or reasonably related to . . . and growing out of [the discrimination claims]," and by exhausting the discrimination claims, plaintiff in effect has exhausted her remedies with respect to the retaliation claim growing out of that discrimination claim. *See Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir.

11

1989).

*Id.* at 37.  Based on this line of cases, Plaintiff suggests that because "Plaintiff's allegation of

retaliation did not catch Defendant by surprise" and was "rooted in her claims of discrimination,"

which were fully exhausted, then her failure to exhaust her administrative remedies with respect to

her retaliatory termination claim is not dispositive.  *See* Pl.'s Opp'n at 3-5.  Instead, Plaintiff

suggests that the filing of an EEOC Charge relating to her termination claim, and the exhaustion of

that process, was not necessary given existing case law.  *Id.* at 4.

Unfortunately for Plaintiff, the "like or reasonably related to a prior administrative

complaint" test that she focuses upon, adopted by this Circuit in *Park v. Howard University*, *see* 71

F.3d at 907, no longer reflects the current state of law.  *See Coleman-Adebayo v. Leavitt*, 326 F.

Supp. 2d 132, 137-38 (D.D.C. 2004) (recognizing the abrogation of the "like or reasonably related

to" test for claims of retaliation); *Jeffers v. Chao*, Civ. No. 03-1762(RMC), 2004 WL 3257069, at

*6 (D.D.C. Sept. 21, 2004) (same); *Graham v. Gonzales*, Civ. No. 03-1951(RWR), 2005 WL

3276180, at *5 (D.D.C. Sept. 30, 2005) (same).  The Supreme Court's decision in *National

Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002),

specifically rejected Plaintiff's view and instead held that each discrete adverse employment action

individually triggers Title VII's procedural requirements.  *See Coleman-Adebayo*, 326 F. Supp. 2d

at 137.  In *Morgan*, the Supreme Court held that only those acts occurring within the limitations

period where actionable, regardless of any connection between the earlier acts and the ones about

which the plaintiff had filed a timely complaint.  As the Court stated, "discrete discriminatory acts

are not actionable if time barred, *even when they relate to acts alleged in timely filed charges*."

*Morgan*, 536 U.S. at 113, 122 S.Ct. 2061 (emphasis added).  "The key to determining whether a

12

claim must meet the procedural hurdles of the exhaustion requirement itself, or whether it can piggy-back on another claim that has satisfied those requirements, is whether the claim is of a 'discrete' act of discrimination or retaliation or, instead, of a hostile work environment." *Coleman-Adebayo*, 326 F. Supp. 2d at 137. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" are individual acts that "occur" at a fixed time. *Morgan*, 536 U.S. at 114, 122 S.Ct. 2061. "Accordingly, plaintiffs alleging such discriminatory action must exhaust the administrative process regardless of any relationship that may exist between those discrete claims and any others." *Coleman-Adebayo*, 326 F. Supp. 2d at 138.

As the *Coleman-Adebayo* court pointed out, "[i]ndividual acts of retaliation that form the basis of retaliation claims also are included within the Supreme Court's list of discrete discriminatory acts, and therefore any claim stemming from those acts must be administratively exhausted." *Id.*; *see also Graham*, 2005 WL 3276180, at *5 ("Because plaintiff's termination is a discrete act, he was required, but failed, to exhaust his administrative remedies as to that act, and he cannot now pursue his constructive discharge claims in this court."). In this case, it is clear that Plaintiff never filed an EEOC Charge relating to her claim of retaliatory termination, nor did she exhaust any administrative remedies relating to such a claim. While her retaliatory termination claims may be the "culmination" of her sexual harassment/gender discrimination claims, pursuant to *Morgan*, Plaintiff is required to exhaust her administrative remedies for her termination/retaliation claim, which is a separate discrete act. *See Graham*, 2005 WL 3276180, at *5. Under these circumstances, allowing Plaintiff to proceed with her retaliatory termination claims contained within her planned First Amended Complaint "would sanction spurious avoidance of the administrative process. Such a result would be contrary to the policies that initially gave rise to the retaliation exception, and would work an injury upon the policy objectives underlying the requirement of

13

administrative exhaustion." *Jeffers*, 2004 WL 3257069, at *6.

Here, Plaintiff's termination occurred in the early stages of this litigation, and the Court – pursuant to an agreement with Plaintiff's counsel at the April 27, 2004 Initial Scheduling Conference – gave Plaintiff ample time to amend her Complaint to add a retaliatory termination claim. Despite this opportunity and these representations, Plaintiff failed to amend her Complaint within the requisite time, waiting until after the conclusion of discovery and the filing of Defendant's Motion for Summary Judgment. Moreover, Plaintiff's inaction extended far beyond this Court, as Plaintiff failed to amend her EEOC Charge and exhaust the administrative process relating to the alleged discrete act of retaliatory termination. Accordingly, under post-*Morgan* case law, Plaintiff's retaliatory termination claim – if formally brought before this Court – would be dismissed as untimely due to Plaintiff's failure to exhaust. Because Plaintiff's retaliatory termination claim would be subject to dismissal if it were formally brought in an Amended Complaint, *see Coleman-Adebayo*, 326 F. Supp. 2d at 138-39 (granting defendant's motion to dismiss with respect to plaintiff's claim of retaliation due to her failure to exhaust); *Adams v. Mineta*, Civ. No. 04-856(RBW), 2006 WL 367895, at *4-*5 (D.D.C. Feb. 16, 2006) (granting summary judgment to defendant for failure to exhaust where plaintiff "did not seek to file an EEOC complaint with regard to these claims of retaliation" but instead "relied upon her original EEO action as the basis for bringing these claims"), Plaintiff's Motion for Leave to Amend would ultimately prove futile. Because Plaintiff's Motion for Leave to File First Amended Complaint is futile, the Court – pursuant to its discretion – shall grant Defendant's Motion to Reconsider and shall deny Plaintiff's requested leave to amend her original Complaint in this action.

## IV: CONCLUSION

For the reasons set forth above, the Court shall grant Defendant's Motion to Reconsider the

Court's Order Granting Plaintiff's Motion to Alter/Amend the Complaint and shall deny Plaintiff's

Motion for Leave to File Amended Complaint.  An Order accompanies this Memorandum Opinion.


Date:   March 14, 2006


　　　　　　　　　　　　　 _____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge